UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RONNING,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-cv-11021

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING PLAINTIFF COUNSEL'S MOTION FOR ATTORNEY'S FEES [#16]**

**I. INTRODUCTION**

Plaintiff Timothy Ronning initiated this civil action on March 29, 2019, seeking review of the Commissioner of the Social Security Administration's decision to deny his claim for disability benefits. Dkt. No. 1. Subsequently, the parties agreed to send this case back to the Administration on remand for further action pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 13. As a result, Plaintiff became the prevailing litigant in the proceedings before this Court, and the parties stipulated that Plaintiff would receive $3,500 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 14;

*Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding a party who wins a sentence-four remand order is a prevailing party).

On remand, the Administrative Law Judge issued a fully favorable decision on Plaintiff's disability claims and awarded him compensation for past-due benefits. Dkt. No. 16-1. But the Social Security Administration withheld twenty-five percent of this award -- $14,675.63 -- to pay for any approved attorney's fees. Dkt. No. 16-2, p. 7 (Pg. ID 808). Plaintiff Counsel now petitions the Court to award attorney's fees in this amount.

Present before the Court is Plaintiff Counsel's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 16. Defendant Commissioner of Social Security raises no objection to this Motion. Dkt. No. 17. For the reasons set forth below, the Court will GRANT the Motion [#16].

## II. DISCUSSION

Prior to initiating this action, Plaintiff and his attorney executed a contingency fee agreement that read: "If the claimant is awarded benefits by the Appeals Council or by a Federal Court, or following an Order of Remand issued by the Appeals Council or Federal Court, the fee shall be 25% of the total past due benefits to the Claimant and/or the Claimant's family." Dkt. No. 16-3. Counsel therefore contends that the Court should award him attorney's fees in the amount

of $14,675.63, in accordance with the contractual agreement and 42 U.S.C. § 406(b).

Title 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). There is a rebuttable presumption that an attorney should receive their full contingency fee under a contract unless "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990).

Here, the Court finds that Counsel is entitled to his full compensation under the contingency fee agreement. Counsel accepted this case with no guarantee of being paid for his representation; yet, advocated vigorously and successfully for his client's disability rights from the administrative level to the federal courts, and back again. In the proceedings before this Court, Counsel expended twenty hours reviewing the administrative record, researching case law, and drafting a Motion for Summary Judgment. These efforts ultimately led to the case being remanded to the Social Security Administration and Plaintiff receiving past-due disability benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) ("We find that 42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."). Accordingly, the Court finds that Counsel's representation was effective and that granting him an award of $14,675.63 would not lead to an undeserved windfall.

In short, the Court will Grant Plaintiff Counsel's Motion for Attorney's Fees. However, the Court will direct Counsel to return to Plaintiff the $3,500 he received in attorney's fees under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in

this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and citations omitted).

### III. CONCLUSION

For the reasons stated herein, the Court will GRANT Plaintiff Counsel's Motion for Attorney's Fees [#16].

IT IS SO ORDERED.

Dated: July 15, 2019

                                         s/Gershwin A. Drain
                                         HON. GERSHWIN A. DRAIN
                                         United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2019, by electronic and/or ordinary mail.

                                         s/Teresa McGovern
                                         Case Manager